# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| GLORIA HILDA NAVARETTE (3) | Case Number: 15CR0596 BEN |
| | Linda Lopez, Federal Defenders, Inc. |
| | Defendant's Attorney |

**REGISTRATION NO.** 44165298

FILED
JUN 1 4 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

☒ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒ pleaded guilty to count(s)   ONE AND TWO OF THE SUPERSEDING INDICTMENT.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846, 841(a)(1) | CONSPIRACY TO DISTRIBUTE COCAINE | 1 |
| 18 USC 1956(a)(B)(i) and 1956(h) | CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS | 2 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is _____ dismissed on the motion of the United States.

☒ Assessment : $200.00 ($100.00 per count) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ No fine      ☒ Forfeiture pursuant to order filed   5/11/2016   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 11, 2016
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

15CR0596-BEN

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GLORIA HILDA NAVARETTE (3) | Judgment - Page **2** of **9** |
| CASE NUMBER: | 15CR0596-BEN | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
COUNTS 1 AND 2: SEVENTY (70) MONTHS AS TO EACH COUNT, CONCURRENTLY.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ Before 5:00 PM on June 24, 2016.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15CR0596-BEN

| DEFENDANT: | GLORIA HILDA NAVARETTE (3) | Judgment - Page 3 of 9 |
|---|---|---|
| CASE NUMBER: | 15CR0596-BEN | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
COUNT 1: FIVE (5) YEARS; COUNT 2: THREE (3) YEARS CONCURRENT TO COUNT 1.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| DEFENDANT: | GLORIA HILDA NAVARETTE (3) | Judgment - Page 4 of 9 |
| CASE NUMBER: | 15CR0596-BEN | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

4. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer based on the defendant's ability to pay.

5. Provide complete disclosure of personal and business financial records to the probation officer as requested.

**FILED**
MAY 11 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15cr0596-BEN |
| Plaintiff, | **AMENDED ORDER OF CRIMINAL FORFEITURE** |
| v. | |
| GLORIA HILDA NAVARRETE (3), | |
| Defendant. | |

On August 10, 2015, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of Defendant GLORIA HILDA NAVARRETE (3) ("Defendant") in the properties listed in the Forfeiture Allegations of the Superseding Indictment, namely,

(1) The real property located at 458 Evening View Drive, Chula Vista, CA 91914-5211, more particularly described as:

ASSESSOR'S PARCEL NO. 595-860-40-00

Lot 60 of Chula Vista Tract No 92-02A, Rolling Hills Ranch, Subarea III, Neighborhood 12, in the City of Chula Vista, County of San Diego, State of California, according to the map thereof No. 14922, Filed in the office of the County Recorder of San Diego, December 3, 2004; and

(2) The real property located at 2563 Saddlehorn Drive, Chula Vista, CA 91914-4032, more particularly described as:

//

ASSESSOR'S PARCEL NO. 595-520-25-00

Lot 8 of Chula Vista Tract No 92-02 Salt Creek Ranch Neighborhood 3 Unit No.2, in the city of Chula Vista, County of San Diego, State of California, according to map thereof No. 13442, Filed in the office of the County Recorder of San Diego County, July 9, 1997.

For thirty (30) consecutive days ending on September 12, 2015, the United States published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

On September 9, 2015, Notice of Order of Forfeiture was sent by Federal Express as follows:

| Name and Address | Tracking No. | Result |
|---|---|---|
| Enriqueta Navarrete-Zavala (1) c/o Gary Paul Burcham, Esq. Burcham and Zugman 964 Fifth Avenue, Suite 300 San Diego CA 92101 | 774473206593 | Signed for as received on 9/10/15 |
| Flavio Taveras (2) c/o Linda George Attorney at Law 577 Summit Avenue Hackensack NJ 07601 | 774473232844 | Returned marked "unable to deliver" on 9/18/15 |
| David Navarrete (4) c/o Anthony E. Colombo Jr. Attorney at Law 105 West F Street, 3rd Floor San Diego, CA 92101 | 774473255135 | Signed for as received on 9/10/15 |
| Adriana Navarrete (5) c/o David L. Baker Attorney at Law 419 19th Street San Diego CA 92101 | 774473274829 | Signed for as received on 9/10/15 |

//

| Name and Address | Tracking No. | Result |
|---|---|---|
| Maria Del Refugio Lugo-Navarrete (6)<br>c/o Jennifer L. Coon<br>Attorney at Law<br>185 West F Street, Suite 100<br>San Diego CA 92101 | 774473290847 | Signed for as received on 9/10/15 |
| Elva Maricela Espinoza (7)<br>c/o Samantha A. Greene, Esq.<br>Sevens Legal, APC<br>3555 Fourth Avenue<br>San Diego CA 92103 | 774473314790 | Signed for as received on 9/10/15 |

On October 22, 2015, Notice of Order of Forfeiture was sent by Federal Express as follows:

| Name and Address | Tracking No. | Result |
|---|---|---|
| GMG Mortgage, Inc.<br>San Ramon Office<br>3160 Crow Canyon Road, Suite 400<br>San Ramon CA 94583 | 774801563795 | Signed for as received on 10/27/15 |
| GMG Mortgage, Inc.<br>c/o Edward Gayares<br>Agent for Service of Process<br>234 North El Molino Avenue, #202<br>Pasadena CA 91101 | 774801613164 | Signed for as received on 10/28/15 |
| Wallick and Bolk, Inc.<br>180 Otay Lakes Road, Suite 200<br>Bonita CA 91902 | 774801639072 | Signed for as received on 10/23/15 |

On November 20, 2015, Cenlar FSB ("Cenlar") filed a Petition with Respect to Its Interest in the real property located at 2563 Saddlehorn Drive, Chula Vista, CA 91914-4032 ("Saddlehorn property"). Cenlar's claim to the Saddlehorn property is based upon a promissory note secured by a trust deed. On March 30, 2016, the United States and Cenlar filed a Joint Motion to Recognize the Interest of Cenlar in the Saddlehorn property. On April 7, 2016, this Court entered its Order on the Joint Motion, and Cenlar's interest will be paid pursuant to the Order in conjunction with the sale of the Saddlehorn property.

//

Thirty (30) days have passed following the final date of notice by publication and notice by Federal Express, and no third party except Cenlar has made a claim to or declared any interest in the forfeited properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party except Cenlar to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of GLORIA HILDA NAVARRETE (3) and any and all third parties (except Cenlar, as to the Saddlehorn property) in the following properties are hereby condemned, forfeited and vested in the United States of America:

(1) The real property located at 458 Evening View Drive, Chula Vista, CA 91914-5211, more particularly described as:

ASSESSOR'S PARCEL NO. 595-860-40-00

Lot 60 of Chula Vista Tract No 92-02A, Rolling Hills Ranch, Subarea III, Neighborhood 12, in the City of Chula Vista, County of San Diego, State of California, according to the map thereof No. 14922, Filed in the office of the County Recorder of San Diego, December 3, 2004; and

(2) The real property located at 2563 Saddlehorn Drive, Chula Vista, CA 91914-4032, more particularly described as:

ASSESSOR'S PARCEL NO. 595-520-25-00

Lot 8 of Chula Vista Tract No 92-02 Salt Creek Ranch Neighborhood 3 Unit No.2, in the city of Chula Vista, County of San Diego, State of California, according to map thereof No. 13442, Filed in the office of the County Recorder of San Diego County, July 9, 1997.

IT IS FURTHER ORDERED that the interest of third party Cenlar FSB in the real property located at 2563 Saddlehorn Drive, Chula Vista, CA 91914-4032 will be paid pursuant to the terms of the Order on the Joint Motion to Recognize the Interest of Cenlar in the Saddlehorn property, entered by this Court on April 7, 2016.

IT IS FURTHER ORDERED that any and all interest of the following persons and entities are specifically terminated and forfeited to the United States of America as to the above-referenced properties:

| | |
|---|---|
| Enriqueta Navarrete-Zavala (1) | Maria Del Refugio Lugo-Navarrete (6) |
| Flavio Taveras (2) | Elva Maricela Espinoza (7) |
| David Navarrete (4) | GMG Mortgage, Inc. |
| Adriana Navarrete (5) | Wallick and Bolk, Inc. |

IT IS FURTHER ORDERED that costs incurred by the United States Internal Revenue Service and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

IT IS FURTHER ORDERED that the United States Internal Revenue Service has the authority to evict any and all occupants of the above-referenced real properties if and when necessary.

IT IS FURTHER ORDERED that the United States Internal Revenue Service shall dispose of the forfeited properties according to law and shall deposit the proceeds thereof into the Treasury Forfeiture Fund.

DATED: 6/20/2016

HONORABLE ROGER T. BENITEZ
United States District Judge